IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Elfrido Mateo a/k/a Elfrido Manuel Mateo and Lizette Mateo a/k/a Lizette LaTorre<br>　　　Debtors. | BANKRUPTCY CASE NUMBER 18-18455/REF |
| | CHAPTER 7 |
| Nationstar Mortgage LLC d/b/a Mr. Cooper<br>　　　Movant,<br>v. | 11 U.S.C. § 362 |
| | January 31, 2019 at 9:30 AM |
| Elfrido Mateo a/k/a Elfrido Manuel Mateo and Lizette Mateo a/k/a Lizette LaTorre<br>　　　Debtors/Respondents. | Courtroom # 1 |
| Lynn E. Feldman, Trustee<br>　　　Additional Respondent. | |

## MOTION OF NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER FOR RELIEF FROM THE AUTOMATIC STAY UNDER SECTION 362 (d)

Nationstar Mortgage LLC d/b/a Mr. Cooper ("Movant"), by and through its undersigned counsel, pursuant to 11 U.S.C. § 362, hereby seeks relief from the automatic stay to exercise and enforce its rights, without limitation, with respect to certain real property.  In support of this motion, Movant avers as follows:

1.　　　Debtor named above filed a Voluntary Petition under Chapter 7 of the United States Bankruptcy Code in the Eastern District of Pennsylvania under the above case number.

2.　　　Movant is the holder of a secured claim against Debtors, secured only by a first mortgage lien on real estate which is the principle residence of Debtors located at 320 North 14th Street, Allentown, PA 18102 (the "Mortgaged Premises").

3.　　　Movant services the loan on the property referenced in this motion for relief.  In the event the automatic stay in this case is modified, this case dismisses and/or the debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Nationstar Mortgage LLC d/b/a Mr. Cooper.

4.　　　Movant, directly or through an agent, has possession of the promissory note.  The promissory note is either made payable to Noteholder or has been duly indorsed in blank. Noteholder is the original mortgagee, or beneficiary, or the assignee of the security instrument for the referenced loan.

5.　　　The filing of the aforesaid Petition operated as an automatic stay under Section 362(a) of the Bankruptcy Code of proceedings by Movant to foreclose on the Mortgaged

Premises.  Movant requests relief from the automatic stay to continue with the filed mortgage foreclosure action, if any, and to take the necessary action to obtain the Mortgaged Premises.

6.      Additional Respondent is the Standing Trustee appointed in this Chapter 7 proceeding.

7.      Debtors have not claimed an exemption in the subject property.

8.      There is a second mortgage on the property.  The holder of the second lien is Specialized Loan Servicing in the amount of approximately $18,408.00.

9.      Debtors have failed to make pre-petition and all post-petition monthly mortgage payments.

10.     The defaults include the failure to make the following monthly payments:

     a)      Payments of $894.47 from July 1, 2018 through November 1, 2018 which totals $4,472.35;

     b)      Payments of $963.24 from December 1, 2018 through January 1, 2019 which totals $1,926.48;

     c)      Corporate Advances $2,325.00

     d)      Suspense Balance $(46.44);

     e)      The total amount due (a through d combined) is $8,677.39

11.     The Fair Market Value of the Mortgaged Premises is $115,000.00, as per Debtor's Schedules.  The approximate amount necessary to payoff the loan is $74,850.32 good through January 2, 2019.  The breakdown of the payoff is as follows:

| | |
|---|---:|
| Principal Balance | $68,774.93 |
| Accrued Interest | $3,174.22 |
| Escrow Advances made by Plaintiff | $572.61 |
| NSF Check Charges | 50.00 |
| Corporate Advance | $2,325.00 |
| Suspense Balance | ($46.44) |

12.     Movant is entitled to relief, from the automatic stay, pursuant to either 11 U.S.C. § 362 (d)(1) or (d)(2), because of the foregoing default and because:

     a)      Movant lacks adequate protection for its interests in the Mortgaged Premises;

     b)      Debtors has little, if any, equity in the Mortgaged Premises; and

    c)      The Mortgaged Premises are not necessary to an effective reorganization or plan.

    d)      Debtors have indicated in their Chapter 7 Statement of Intention that they wish to surrender the Mortgaged Premises.

13.    Movant requests that the Court waive Rule 4001(a)(3), permitting Movant to immediately implement and enforce the Court's order.

14.    Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase order, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements in support of right to seek a lift of the automatic stay and foreclose if necessary.

WHEREFORE, Movant respectfully moves this Court for an Order (i) granting Movant relief from the automatic stay to foreclose upon and to otherwise exercise and enforce its rights with respect to the Mortgaged Premises, (ii) awarding reasonable attorneys' fees incurred in the preparation and presentation of this motion, and (iii) granting all such other and further relief as the Court deems appropriate and necessary.

    Respectfully submitted,

Dated: January 7, 2019        BY:/s/ Kevin S. Frankel
        Kevin S. Frankel, Esquire
        Shapiro & DeNardo, LLC
        3600 Horizon Drive, Suite 150
        King of Prussia, PA 19406
        (610)278-6800/ fax (847) 954-4809
S&D File #:18-061139        PA BAR ID #318323
        kfrankel@logs.com
        pabk@logs.com