# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>Elfrido Mateo, aka Elfrido Manuel Mateo<br>Lizette Mateo, aka Lizette LaTorre<br>                                    Debtors | Chapter 7<br><br>Case No. 18-18455 REF |
| BANK OF AMERICA, N.A.<br>                                    Movant<br>  v.<br>Elfrido Mateo, aka Elfrido Manuel Mateo<br>Lizette Mateo, aka Lizette LaTorre<br>and<br>Lynn E. Feldman, Trustee<br>                                  Respondents | |

## **MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

BANK OF AMERICA, N.A. ("Movant") hereby moves this court, pursuant to 11 U.S.C. § 362, for relief from the automatic stay with respect to certain real property of the Debtors having an address of 622 N. 16th Street, Allentown, PA 18102 (the "Property), for all purposes allowed by the Note (defined below), the Mortgage (defined below), and applicable law, including but not limited to the right to foreclose. In further support of this Motion, Movant respectfully states:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed with respect to the Debtors on 12/29/2018.

2. The Debtors have executed and delivered or are otherwise obligated with respect to that certain promissory note in the original principal amount of $107,250.00 (the "Note"). A copy of the Note is attached hereto as **EXHIBIT A.** Movant is an entity entitled to enforce the Note.

3. Pursuant to that certain Mortgage dated 10/21/2005, and recorded in the office of the county clerk of Lehigh County, Pennsylvania (the "Mortgage"), all obligations (collectively, the "Obligations") of the Debtors under and with respect to the Note and the Mortgage are secured by the Property. A copy of the Mortgage is attached hereto as **EXHIBIT B**.

4. All rights and remedies under the Mortgage have been assigned to the Movant pursuant to an assignment of mortgage. A copy of the Assignment of Mortgage is attached hereto as **EXHIBIT C**.

5. As of 3/26/2019, the outstanding amount of the Obligations less any partial payments or suspense balance is **$89,602.59.**

6. In addition to the other amounts due to Movant reflected in this Motion, as of the date hereof, in Connection with seeking the relief requested in this Motion, Movant has also incurred $750.00 in legal fees and $181.00 in costs. Movant reserves all rights to seek an award or allowance of such fees and expenses in accordance with applicable loan documents and related agreements, the Bankruptcy Code and otherwise applicable law.

7. The estimated market value of the property is $75,000.00. The basis for such valuation is Debtors' Schedule A/B, which is attached hereto as **EXHIBIT D**.

8. Upon information and belief, the encumbrances on the property listed in the schedules or otherwise known, including but not limited to the encumbrances granted to Movant, listed in order of priority are: (I) Movant (**$89,602.59**). There is no or inconsequential equity in the property.

9. Per the attached Statement of Intentions (**EXHIBIT E**), the debtors wish to *surrender* the mortgaged premises.

10. The amount of the next monthly payment of the Debtors under the terms of the Note and Mortgage is $1,078.41 and will come due on 4/1/2019.

11. Cause exists for relief from the automatic stay for the following reasons:

    a. Movant's interest in the property is not adequately protected.

    b. The fair market value of the property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

    c. Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtors have no equity in the Property; and pursuant to §362(d)(2)(B), the Property is not necessary for an effective reorganization.

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1. Relief from the stay for all purposes allowed by the Note, the Mortgage, and applicable law, including but not limited to allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the property.
2. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.
3. That the 14 Day Stay described by Bankruptcy Rule 4001(a)(3) be waived.
4. For such other relief as the Court deems proper.

**/s/ Amanda L. Rauer, Esquire**
POWERS KIRN, LLC
Jill Manuel-Coughlin, Esquire; Atty ID # 63252
Harry B. Reese, Esquire; Atty ID #310501
Amanda L. Rauer, Essquire; Atty ID #307028
8 Neshaminy Interplex, Suite 215
Trevose, PA 19053
215-942-2090 phone; 215-942-8661 fax
bankruptcy@powerskirn.com
Attorney for Movant
Date: April 3, 2019